922

## UNITED STATES v. WILLIAMS et al.
### Cr. No. 7333.

United States District Court
S. D. Florida, Miami Division.,
March 28, 1950.

Herbert S. Phillips, U. S. Atty., Tampa, Fla., for plaintiff.

Roberts, Holland & Strickland, Riley & Dressler, John D. Marsh, Miami, Fla., for defendants.

HOLLAND, Chief Judge.

The several motions to dismiss the indictment in this case were argued on the 23rd day of March 1950. The defendant Bombaci filed no motion but a ruling on the motions filed and argued will serve to dispose of the case as to Bombaci.

First I shall discuss the counts in this indictment dealing with the substantive counts in case No. 7279. Williams has been convicted on the substantive counts in said case No. 7279. It is the beating of the victims by Williams that was involved in the substantive counts in case No. 7279, on which he was convicted, that is involved in the counts in this perjury indictment with reference to alleged false swearing in case No. 7279. Conviction in this case, No. 7333, would constitute double jeopardy.

■ Ford, Bombaci and Yuhas were found not guilty on the substantive counts in case No. 7279. While the defendants Yuhas and the corporate defendant were charged in the substantive counts with aiding and abetting, the defendants Ford and Bombaci could have been found guilty under the general law of aiding and abetting. The jury's determination that they were not guilty was a determination of their guilt whether as principals or accessories. Whether they had seen or observed Williams beat the victims was a part and parcel of the charge against them in the substantive counts. Under the case of Ehrlich v. United States, 5 Cir., 145 F.2d 693, the counts in this perjury indictment based on alleged false swearing in defending the charges contained in the substantive counts in No. 7279 are bad.

■ Next I will discuss the counts in this indictment charging perjury in the defense of the conspiracy counts in case No. 7279. Subsequent to the trial in case No. 7279, a new indictment was also found which has four counts under Section 19, 18 U.S.C.A. § 51 [Revised § 241], substantially like the four conspiracy counts in case No. 7279. On this last indictment each defendant was convicted and sentenced, and Williams, Bombaci, Perry and Ford appealed. The case was reversed and the indictment ordered quashed. Under these circumstances, there was no jurisdiction or right to try the defendants on the conspiracy counts in case No. 7279, and the counts in this perjury indictment based on the conspiracy counts in case No. 7279 are bad.

The indictment in this case is dismissed as to all defendants.