## UNITED STATES *v.* WILLIAMS ET AL.

No. 134.   Argued January 8, 1951.—Decided April 23, 1951.

*Philip Elman* argued the cause for the United States. With him on the brief were *Solicitor General Perlman, Assistant Attorney General McInerney, Robert S. Erdahl* and *Philip R. Monahan.*

*Ernest E. Roberts* and *John D. Marsh* argued the cause for appellees. *Bart A. Riley* was on the brief for Williams, *Mr. Roberts* for Yuhas, and *Mr. Marsh* for Ford et al., appellees.

MR. JUSTICE REED delivered the opinion of the Court.

The United States appeals from an order of the United States District Court for the Southern District of Florida dismissing an indictment against the appellees here. 18 U. S. C. § 3731. That indictment, 18 U. S. C. § 1621, charged each appellee with the crime of perjury while testifying in a prior criminal trial. The former trial was on charges of using "third degree" methods to force confessions from prisoners.

In that prior trial, six defendants—the four appellees and two others not here involved—were prosecuted under an indictment, four counts of which charged them, 18

U. S. C. (1946 ed.) § 51, now 18 U. S. C. § 241, with con-
spiring "to injure, oppress, threaten, and intimidate
[under color of state law, four citizens of the United
States] in the free exercise and enjoyment of the rights
and privileges secured . . . and protected by the Four-
teenth Amendment. . . ."[1]

The other four counts of the indictment, 18 U. S. C.
(1946 ed.) § 52, now 18 U. S. C. § 242, charged that Wil-
liams, Bombaci, Ford, and another not here involved, as
police officers acting under state laws, committed substan-
tive crimes by subjecting four persons to deprivation of
certain "of the rights, privileges and immunities secured
. . . and protected by the Fourteenth Amendment,"[2] and
that Yuhas and another wilfully aided and abetted in the
commission of these substantive offenses.

In the prior trial, during which this indictment charges
perjury was committed, Williams was found guilty by
a jury of the substantive offenses. His conviction is af-
firmed today. See No. 365, *Williams* v. *United States,
post,* p. 97. The jury found Bombaci and Ford not guilty
of these offenses and Yuhas not guilty of aiding and
abetting in the commission of these offenses. However,
the jury was unable to agree on a verdict as to the
four counts which charged conspiracy. Later a new in-

---

[1] The indictment specified the following "rights and privileges":

". . . the right and privilege not to be deprived of liberty without
due process of law, the right and privilege to be secure in his person
while in the custody of the State of Florida, the right and privilege
not to be subjected to punishment without due process of law, the
right and privilege to be immune, while in the custody of persons
acting under color of the laws of the State of Florida, from illegal
assault and battery by any person exercising the authority of said
State, and the right and privilege to be tried by due process of law
and if found guilty to be sentenced and punished in accordance with
the laws of the State of Florida; . . . ."

[2] The specific "rights and privileges" are the same as those listed in
note 1.

dictment was presented which framed once again the conspiracy charges, and this time the appellees in this case were found guilty. The perjury charges now before us are not based on the proceedings in the second conspiracy trial. On appeal from the conviction in the second trial, and before the trial for perjury, the Court of Appeals quashed the conspiracy indictment and reversed. So far as here important, the basis for the reversal was that § 241 did not apply to the general rights extended to all persons by the Fourteenth Amendment. 179 F. 2d 644, 648. This Court, today, affirms the Court of Appeals. No. 26, *United States* v. *Williams,* decided today, *post,* p. 70.

In dismissing the indictment in the case now before us, the District Court held, 93 F. Supp. 922, that since Williams had been convicted in the first trial of the substantive counts based upon his beating certain victims, to convict Williams of perjury for testifying that he had not beaten the victims—which is the gist of the perjury indictment against Williams—would constitute double jeopardy.

The District Court further reasoned that the jury's finding that Yuhas, Ford and Bombaci had not been guilty of the substantive offenses in the first trial, was a determination of their innocence "whether as principals or accessories," and therefore none of the three could be found guilty of the charge made by the perjury indictment: testifying falsely that they had not seen or observed Williams beating the victims.

Finally, the District Court reasoned that since the later indictment which repeated the conspiracy charges had been quashed on appeal, there was no jurisdiction to try the defendants on the conspiracy counts in the first criminal trial, and therefore the perjury counts based on the conspiracy counts in the prior case were bad.

The United States in its appeal urges that the District Court erred in all three grounds for quashing the perjury

indictment. The federal perjury statute, 18 U. S. C. § 1621, reads as follows:

"Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall, except as otherwise expressly provided by law, be fined not more than $2,000 or imprisoned not more than five years, or both."

Its terms cover parties as well as other witnesses. If any incident or judgment of a former trial bars a prosecution for perjury under § 1621, that effect must be imported into the perjury trial by a legal rule distinct from the statute.

I. *Former Jeopardy.*—The conviction of Williams, at a former trial, for beating certain victims is not former or double jeopardy. Obviously perjury at a former trial is not the same offense as the substantive offense, under 18 U. S. C. § 242, of depriving a person of constitutional rights under color of law. "It is only an identity of offenses which is fatal." *Pinkerton* v. *United States,* 328 U. S. 640, 644, and cases cited. The trial court does not cite any authority for a contrary position, and appellees concede that the ground for dismissal cannot be sustained. It would be no service to the administration of justice to enlarge the conception of former jeopardy to afford a defendant immunity from prosecution for perjury while giving testimony in his own defense. Appellees' brief treats Williams' conviction as grounds for estoppel or *res judicata.*

II. *Res Judicata.*—Though former jeopardy by trial for the substantive crimes is not available as a defense against this perjury indictment, it could be that acquittal on the substantive charges would operate "to conclude those matters in issue which the verdict determined though the offenses be different." *Sealfon* v. *United States,* 332 U. S. 575, 578.

Petitioner in the *Sealfon* case was acquitted of a conspiracy charge of defrauding the United States of its governmental function of conserving and rationing sugar. One item of evidence was a letter to an alleged co-conspirator said to furnish a basis for getting sugar illegally. On another indictment for uttering false invoices for the same sugar involved in the conspiracy, Sealfon moved to quash on the ground of *res judicata.* The motion was denied and Sealfon was convicted. The test of the soundness of the motion was whether the "verdict in the conspiracy trial was a determination favorable to petitioner of the facts essential to conviction of the substantive offense." P. 578. We thought the acquittal of conspiracy determined that Sealfon did not conspire with Greenberg, the only alleged co-conspirator. Admittedly Sealfon wrote a certain letter. "As we read the records of the two trials, petitioner could be convicted of either offense only on proof that he wrote the letter pursuant to an agreement with Greenberg." P. 580. The core of the two cases was the same. As the first trial cleared him of sending the letter pursuant to a corrupt agreement, that fact was *res judicata.* A like basis for *res judicata* does not exist here.

Ford and Bombaci were acquitted in the former trial on all counts charging substantive crimes. Yuhas was charged and acquitted of aiding and abetting. We shall assume with the District Court that Ford and Bombaci were acquitted also of that charge. 18 U. S. C. § 2 (a). In essence the first prosecution was for arrest and abuse

through beatings by police officers Williams, Ford and Bombaci, acting under the laws of Florida, with Yuhas aiding and abetting. The perjury charged in this present indictment, allegedly committed at that former trial in which all except Williams were acquitted of the substantive offenses, is that the three acquitted men testified falsely that they had not seen Williams abuse the prisoner. The trial court thought that "Whether they had seen or observed Williams beat the victims was a part and parcel of the charge against them in the substantive counts" of abuse and aiding and abetting the abuse. *Ehrlich* v. *United States*, 145 F. 2d 693, was cited.[3]   93 F. Supp. 922.

We do not think the facts bring any of these defendants within the protection of *res judicata*, as recently expounded in *Sealfon*.   Aiding and abetting means to assist the perpetrator of the crime.[4]   The substantive former

---

[3] In the *Ehrlich* case an acquittal of a charge of violation of the Price Control Act, 50 U. S. C. App. § 901 *et seq.*, by collecting more than the sale bills for meat showed was held to bar a perjury charge that Ehrlich had sworn falsely that he had not received any payment for any sale at a price in excess of that shown on the sales slips. It was held that the plea in bar of the second prosecution was good on the ground that the allegedly perjurious words were the basis of the former crime charged and therefore the acquittal barred the perjury prosecution.

A number of other cases are cited in appellees' brief. They support the rule that an acquittal on facts essential to conviction on the subsequent charge bars a later prosecution. None deal with the situation of Williams who was convicted on the prior trial of abuse under 18 U. S. C. § 242. He can, of course, claim no bar against prosecution on a theory of estoppel since the facts in the former trial, if applicable to the subsequent one, were found against him. The cases are: *United States* v. *De Angelo*, 138 F. 2d 466; *United States* v. *Butler*, 38 F. 498; *Chitwood* v. *United States*, 178 F. 442; *Allen* v. *United States*, 194 F. 664; *Youngblood* v. *United States*, 266 F. 795; *Kuskulis* v. *United States*, 37 F. 2d 241.

[4] To be present at a crime is not evidence of guilt as an aider or abettor. *Hicks* v. *United States*, 150 U. S. 442, 447, 450. Cf. *United States* v. *Di Re*, 332 U. S. 581, 587; 12 A. L. R. 279. The instructions

charge against appellees here was abuse of a prisoner by police officers under color of state law. An acquittal of such a crime or of aiding and abetting was certainly not a determination that Ford, Bombaci or Yuhas did not see Williams assaulting the prisoners.

III. The counts in this indictment which charge that perjury was committed in the first conspiracy trial rely on the same facts to prove the perjury as are detailed above to support the counts of the indictment which charge perjury in the trial of the substantive counts. The trial court in the present case dismissed the counts for perjury committed in the first trial of the conspiracy charge for a different reason than it gave for dismissal of the other perjury counts. In the first trial no verdict was reached by the jury on the conspiracy counts. The trial court in this case, however, relying upon the determination of the Fifth Circuit in the second conspiracy trial, *Williams* v. *United States,* 179 F. 2d 644 (now affirmed here, No. 26, *United States* v. *Williams, post,* p. 70, decided today), ruled that the former conspiracy indictment did not state an offense, and consequently perjury could not have been committed. The court said it reached this conclusion because the court that tried the conspiracy indictment had "no jurisdiction." Evidently, the trial court was led to this conclusion by the requirement of the perjury statute, 18 U. S. C. § 1621, that there must be a "competent tribunal" before a false statement is perjurious.

The charge in the conspiracy counts that the appellees, police officers and others, conspired to abuse a prisoner in their hands was based on 18 U. S. C. § 241. The District Court had jurisdiction of offenses against the laws of

---

at the trial of the substantive crimes followed this rule. *E. g.,* "I can't make it too emphatic to you, gentlemen, that mere presence when a crime is committed is, of course, not sufficient to render one guilty as aider or abettor."

the United States. 18 U. S. C. § 3231.[5]   Hence, it had
jurisdiction of the subject matter, to wit, an alleged viola-
tion of a federal conspiracy statute, and, of course, of the
persons charged.   This made the trial take place before
"a competent tribunal": a court authorized to render
judgment on the indictment.   The circumstance that ulti-
mately it is determined on appeal that the indictment is
defective does not affect the jurisdiction of the trial court
to determine the case presented by the indictment.

This was held as to a civil proceeding in *Bell* v. *Hood*,
327 U. S. 678.   In that case, a suit in a federal district
court for damages against federal officers for violation of
plaintiff's rights to due process in arrest and freedom from
unreasonable search and seizure under the Fourth and
Fifth Amendments was held to give the district court
jurisdiction sufficient to call for judgment on the merits,
even though that judgment should dismiss the complaint
for failure to state a cause of action.   P. 682.   "Juris-
diction is the power to decide a justiciable controversy,
and includes questions of law as well as of fact."   *Bind-
erup* v. *Pathe Exchange*, 263 U. S. 291, 305.   Even the
unconstitutionality of the statute under which the pro-
ceeding is brought does not oust a court of jurisdiction.
*Chicot County District* v. *Baxter State Bank*, 308 U. S.
371, 376.   See also *Stoll* v. *Gottlieb*, 305 U. S. 165; *M'Cor-
mick* v. *Sullivant*, 10 Wheat. 192.

It is true that there are certain essential facts that must
exist to give any power to a court.   *Noble* v. *Union River
Logging R. Co.*, 147 U. S. 165, 173.   As the existence of
those facts are so plainly necessary, *e. g.* process, examples
of decisions are rare.   Absence of such facts makes the

---

[5] "The district courts of the United States shall have original juris-
diction, exclusive of the courts of the States, of all offenses against
the laws of the United States.

"Nothing in this title shall be held to take away or impair the
jurisdiction of the courts of the several States under the laws thereof."

proceedings a nullity. Such a case was *Kalb* v. *Feuerstein,* 308 U. S. 433. We there held that the Federal Government, in the exercise of its plenary power over bankruptcy, had ousted state courts of all independent power over farmer bankrupts. Therefore any subsequent orders in the state courts were void. Pp. 440–444. In a criminal case we have said that a person convicted by a court without jurisdiction over the place of the crime could be released from restraint by habeas corpus where there were exceptional circumstances such as a conflict of jurisdiction between the state and the Federal Government. *Bowen* v. *Johnston,* 306 U. S. 19, 27. The kind of judicial controversies presented for adjudication in the cases cited above in this paragraph were not cognizable by the respective courts. It is absence of such basic facts of jurisdiction that has led courts to say that false testimony in the proceedings is not punishable as perjury. Where perjury charges arise from alleged false statements by the defendant in former trials, whether in that former trial he was also a defendant or only a witness, the same distinctions appear. Where the court of the first trial had no jurisdiction of the kind of judicial controversies presented for adjudication, a number of courts have held that false testimony in those proceedings is not punishable as perjury.[6] So in a case where the court had general jurisdiction of the kind of prosecution, larceny less than felony, but not of the particular proceeding, larceny as a felony, there was no perjury. *Johnson* v. *State,* 58 Ga. 397. But where the court in the trial where the alleged perjury occurred had jurisdiction to render judgment on the merits in those proceedings, defects developed *dehors* the record [7] or in the procedure, sufficient to invalidate any

---

[6] *E. g., Collins* v. *State,* 78 Ala. 433; *Paine's Case,* Yel. 111, 80 Eng. Rep. 76 [1792].

[7] 82 A. L. R. 1138.

judgment on review,[8] do not make a subsequent conviction for perjury in the former trial impossible.

One can find inconsistent and indeed conflicting rulings among the cases, even from the same jurisdictions, perhaps attributable to the use of the word "jurisdiction" in the heterogeneous situations that occur. The line is narrow and often wavering between errors in the proceedings and lack of jurisdiction. Wharton, Criminal Law (12th ed.), § 1538. Here, however, we have a federal statute enacted in an effort to keep the course of justice free from the pollution of perjury. We have a court empowered to take cognizance of the crime of perjury and decide the issues under that statute. The effect of the alleged false testimony could not result in a miscarriage of justice in this case but the federal statute against perjury is not directed so much at its effects as at its perpetration; at the probable wrong done the administration of justice by false testimony. That statute has led federal courts to uphold charges of perjury despite arguments that the federal court at the trial affected by the perjury could not enter a valid judgment due to lack of diversity jurisdiction,[9] or due to the unconstitutionality of the statute out of which the perjury proceedings arose.[10]

Where a federal court has power, as here, to proceed to a determination on the merits, that is jurisdiction of the proceedings. The District Court has such jurisdiction.[11] Though the trial court or an appellate court may

---

[8] 82 A. L. R. 1137.

[9] *West* v. *United States,* 258 F. 413, 416.

[10] *Boehm* v. *United States,* 123 F. 2d 791, 809. Cf. *Kay* v. *United States,* 303 U. S. 1, 6; *Howat* v. *Kansas,* 258 U. S. 181, 186, 189; *Blair* v. *United States,* 250 U. S. 273; *United States* v. *United Mine Workers,* 330 U. S. 258, 289–295.

[11] The validity of § 241 has been repeatedly upheld. *E. g., United States* v. *Mosley,* 238 U. S. 383, 386; *Logan* v. *United States,* 144 U. S. 263, 293; *Ex parte Yarbrough,* 110 U. S. 651, 667.

conclude that the statute is wholly unconstitutional, or that the facts stated in the indictment do not constitute a crime or are not proven, it has proceeded with jurisdiction and false testimony before it under oath is perjury.

*Reversed.*

MR. JUSTICE BLACK and MR. JUSTICE FRANKFURTER dissent.