**Ronald WHEATLEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6439.**

United States Court of Appeals
Tenth Circuit.

Jan. 21, 1961.

J. B. Champion, Jr., Ardmore, Okl., for appellant.

Erwin A. Cook, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and RICE, District Judge.

LEWIS, Circuit Judge.

The defendant Wheatley was indicted, tried and convicted of the crime of perjury in violation of 18 U.S.C.A. § 1621. The charge was premised upon testimony given by Wheatley in his own defense at a prior trial in which he and others were accused of conspiracy to commit and committing the offense of carrying on a wholesale liquor business without paying the applicable taxes, a violation of 26 U.S.C.A. § 5691. This appeal asserts that the perjury charge is but a re-trial of the original accusation and is therefore effectively barred by Wheatley's acquittal in the first case. The factual background of each prosecution must thus be examined.

During the years 1956 to 1959 the defendant was Chief of Police of Lawton, Oklahoma; James Warren was Police In-

spector. In June 1959, these two, together with a number of liquor dealers, were charged in a two-count indictment with the unlawful conspiracy to violate and the violation of Title 26, supra. The record of this trial is not before us but it is undisputed that upon trial all defendants except Wheatley were convicted; that no defendant testified in the case except Wheatley; and that the following material testimony was given by Wheatley as a witness in his own defense:

"Q. Did you ever receive any money? A. Never.

"Q. From any pay-off or fix or protection for any person? A. I have never taken one penny."

One month after Wheatley's acquittal in that case he was indicted for the instant crime of perjury upon the premise that the quoted testimony was false. To prove such falsity at trial the government relied upon the testimony of a number of the convicted, but then unsentenced, conspirators. Two such witnesses, Weaver and Tisdell, both liquor dealers, testified to direct contact with Wheatley that clearly outlined the inference that Wheatley and his subordinate Warren were collecting money from them for directing raids against retail dealers who did not obtain their whiskey from Weaver and Tisdell. Warren was named as the contact and collection man. He, in turn, testified directly to an agreement with Wheatley to collect the money from bootleggers (Oklahoma then being dry) and to instances of dividing the money so collected with Wheatley. No other witness testified to a direct involvement with Wheatley and the latter reiterated his earlier statement of denial and labeled the testimony of Weaver, Tisdell and Warren to be utterly false.

■■ It is well established that the charge of perjury is not barred by the simple fact of acquittal in the case in which the false testimony is given. Kuskulis v. United States, 10 Cir., 37 F.2d 241. But in the cited case we noted that the doctrine of res judicata was applicable to criminal cases and operates to put at rest those factual matters which the verdict determines, a principle which the Supreme Court has since had occasion to consider and apply. In Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180, it was held that an acquittal of conspiracy to defraud the United States in connection with sugar rationing efforts precluded a subsequent prosecution of the substantive offense. There it was argued, as here, that the basis of the acquittal could not be known with certainty. The court indicated, however, that where the basic facts forming the foundation of the two prosecutions are identical an acquittal upon one charge precludes a second prosecution although the charge be different and the evidence be more elaborate. Sealfon was distinguished by the court in the later case, United States v. Williams, 341 U.S. 58, 71 S.Ct. 595, 95 L.Ed. 747, wherein it was held that an acquittal upon the charge of aiding and abetting the coercion of prisoners will not bar the subsequent prosecution for perjury for the false swearing that the accused did not *see* the abuses forming the basis for the first prosecution. The obvious difference between seeing an offense committed and aiding and abetting in its commission forms the basis for this holding.

■ It appears then that to determine the merit of defendant's contention that he has been twice tried upon the same factual issue it must appear that the identical factual issue was present and critical in each prosecution. The record in the perjury case is clear that the claim of falsity in defendant's earlier testimony flows from evidence showing he received a pay-off and afforded protection to the two dealers Weaver and Tisdell. The record in the conspiracy case is not before us but the government asserts and is bound by the indictment returned in the instant case wherein it is alleged without qualification or addition that in the first prosecution "it was the contention of the United States that the said Ronald Wheatley in his official capacity as Chief of Police, Lawton, Ok-

lahoma, had *aided and abetted such wholesale liquor business by affording protection thereto and in return received money therefor from certain persons who operated the said wholesale liquor business, to-wit: Everett Denton Weaver and Wayne Tisdell.*" (Emphasis added.)

It follows by the government's interpretation of its own case that the receipt of money from the named bootleggers was a vital part of each crime charged and a necessary proof in the successful prosecution of each case. The issue cannot be re-tried as a perjury for it is "a second attempt to prove the agreement which at each trial was crucial to the prosecution's case and which was necessarily adjudicated in the former trial to be non-existent. That the prosecution may not do." Sealfon v. United States, supra, 332 U.S. at page 580, 68 S.Ct. at page 240.

Reversed with instructions to dismiss the indictment.