WIGGINTON, Chief Judge.
Appellant has appealed an order entered by the trial court sustaining appellee’s motion to quash an information charging him with the offense of perjury. The motion to quash was based upon the ground that the prosecution was barred under the doctrine of former jeopardy.
The facts in this case are not in dispute. An information was initially filed in the Court of Record of Escambia County charging appellee with the offenses of conspiracy to commit armed robbery; aiding and abetting in the crime of armed robbery; and, larceny. The jury found appel-lee guilty upon which verdict a judgment of conviction and sentence was rendered. Ap-pellee appealed the judgment to this court contending, among other things, that the verdict rendered by the jury should be set aside and a new trial granted because the State’s principal witness had failed to disclose the whole truth concerning facts touching upon his credibility even though a proper question seeking to elicit such information was propounded by appellee’s counsel, and which failure to disclose was *339 well known to the prosecuting attorney. In our decision rendered in that case[1] we said:
“The basic question posed for our decision is whether the State, in the prosecution of a defendant for crime, may in response to a proper inquiry or demand, produce or disclose less than all of the evidence or information within its knowledge and possession without depriving the defendant of due process of law.”
In our final disposition of the foregoing appeal, this court held:
“Because of the State’s failure to fully inform the jury regarding the extent of the consideration promised Hamilton for his coopération in testifying against appellant, we believe, and so hold, that the jury was denied facts which were necessary for it to have in order to properly pass upon the credibility of Hamilton’s testimony. Such failure constituted a deprivation of due process of law and so tainted the verdict against appellant as to render it void. The judgment appealed is reversed and the cause is remanded for a new trial.”
Appellee Wolfe was later charged in an information filed by the county solicitor of Escambia County with the offense of having committed prejury in the testimony he gave in defense of his original prosecution which resulted in the judgment of conviction that was reversed by this court on appeal. He timely filed a motion to quash the information contending that by our judgment of reversal we held the entire proceedings of his initial prosecution to be void, thereby rendering immaterial any testimony he gave in that case, and that as a matter of law such testimony could not form the basis of a prosecution for perjury even though it should be found to be false at the time it was given. The trial court agreed with this contention and entered the order quashing the information for perjury which forms the subject of this appeal, which order reads in pertinent part as follows :
“ * * * the Court is of the opinion that the District Court of Appeal in its decision filed September 29, 1966, Case Number H-35S, characterizes the proceedings upon which the perjury Information is based as a ‘void’ proceedings rather than ‘voidable’ and such determination became the law of this case thereby rendering immaterial the entire proceedings in the cause tried January 6 and 7, 1966 in this Court, * *
In reaching the conclusion it did, the trial court misconstrued the legal effect of this court’s decision in reversing the original judgment of conviction.
The statute defining perjury in judicial proceedings is as follows:
“Whoever being lawfully required to depose the truth in any proceeding in a court of justice, commits perjury, shall be punished if the perjury is committed on the trial of an indictment for a capital crime, by imprisonment in the state prison for life or any term of years; and if committed in any other case, by imprisonment in the state prison not exceeding twenty years.”[2]
It is the settled law of Florida that in order to constitute perjury the false statement on which the prosecution is founded must be made in a proceeding or in relation to a matter that is within the jurisdiction of the court or officer before whom such proceeding is held, or by whom such matter is considered.[3]
There can be no doubt but that the Court of Record of Escambia County possessed jurisdiction to try and determine the original charge of conspiracy brought against appellee. It was because of a procedural error occurring during the progress *340 of the trial which had the effect of depriving appellee of his full constitutional rights that the verdict was held invalid thereby-requiring reversal and a new trial. This occurrence in no- manner affected the court’s jurisdiction, nor did it render the proceeding void ab initio as contended by appellee. The Supreme Court of the United States, when faced with similar question, held:
“ * * * But where the court in the trial where the alleged perjury occurred had jurisdiction to render judgment on the merits in those proceedings, defects developed dehors the record or in the procedure, sufficient to invalidate any judgment on review, do not make a subsequent conviction for perjury in the former trial impossible.”[4]
The foregoing appears to represent the weight of authority in this country. The author of Corpus Juris Secundum says:
“Perjury or false swearing may be committed in proceedings open to objection for defects or irregularities of a nonjurisdictional character, even though the irregularities are such as may require reversal on appeal. * * *”[5]
The error which required reversal of appellee’s original conviction for conspiracy rendered the proceeding voidable only, even though the verdict was found to be void and ineffectual to serve as a basis for a judgment of conviction. Under such circumstances the general rule governing this situation is found in American Jurisprudence as follows:
“In order to constitute perjury, the false statement must be made in a proceeding, or in relation to matter, within the jurisdiction of the tribunal or officer before whom the proceeding is held, or by whom the matter is considered. Accordingly, it is well settled that an indictment for perjury will not lie against a witness for false swearing on the trial of a void judicial proceeding. However, when there is a defect which renders the proceeding voidable only, and such proceeding is amendable, or when the defects are waived by the parties and the cause is heard on the merits, perjury may be charged. * * * ”[6]
The order quashing the information charging appellee with the offense of perjury is accordingly reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed.
JOHNSON and SPECTOR, JJ., concur.

. Wolfe v. State (Fla.App.1966), 190 So. 2d 394, 395, 397.

. F.S. § 837.02, F.S.A.

. Nix v. State, (Fla.App.1965) 173 So. 2d 465.

. United States v. Williams, 341 U.S. 58, 71 S.Ct. 595, 600, 95 L.Ed. 747.

. 70 C.J.S. Perjury § 22c, p. 480.

. 41 Am.Jur. 14, Perjury, § 23.