491 P.2d 180

STATE of Idaho, Plaintiff-Respondent,

v.

Delbert Lee CRAWFORD, Defendant-Appellant.

No. 10808.

Supreme Court of Idaho.

Dec. 1, 1971.

Rayborn, Rayborn, Webb & Pike, Twin Falls, for defendant-appellant.

W. Anthony Park, Atty. Gen., Martin R. Ward, Deputy Atty. Gen., and Charles P. Brumbach, Asst. Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

Appellant Delbert Lee Crawford was convicted of having committed perjury during a prior trial (at which he was convicted of the misdemeanor of exhibiting a deadly weapon) and was sentenced for a term not to exceed three years. This appeal is from the perjury conviction, the appellant alleging errors of defective information and double jeopardy.

In December, 1969, Crawford was tried de novo in the district court upon appeal from the lower court for the misdemeanor of exhibiting a deadly weapon. At that trial, he denied having had a gun in his hand on the night in question and contended that the item in his hand was a jack handle. Upon this testimony, an information for perjury was filed against Crawford. Among other things, the information alleged that the previous hearing was before Theron W. Ward, Judge of the Fifth Judicial District of the State of Idaho, in and for the County of Twin Falls. The information made no specific reference to the jurisdiction of the court in the misdemeanor case.

At the perjury trial, the state called two witnesses who said that they observed Crawford with a pistol in his hand on the night in question.

In his defense, Crawford produced two witnesses who testified that he had a jack handle and not a gun in his hand. In addition, the defendant introduced answers to interrogatories directed to a witness who also stated that he saw a jack handle in Crawford's hand on the night in question. The defendant's final witness testified that Crawford had something which looked like a stick in his hand.

After the jury had returned a verdict against Crawford, his attorney made motions in arrest of judgment and for a new trial, arguing errors of double jeopardy and defective information, which motions were denied.

Crawford contends that he was denied a fair and impartial trial in that the information filed against him failed to allege that the court before which the perjury was allegedly committed had jurisdiction. In Idaho, the requisites of an indictment for perjury are enumerated in I.C. § 19–1426:

"19–1426. Indictment for perjury.—In an indictment for perjury, or subornation of perjury, it is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, and in what court and before whom the oath alleged to be false was taken, and that the court, or the person before whom it was taken, had authority to administer it, with proper allegations of the falsity of the matter on which the perjury is assigned; but the indictment need not set forth the pleadings, record, or proceedings with which the oath is connected, nor the commission or authority of the court or person before whom the perjury was committed."

This statute is equally applicable to an information for perjury. I.C. § 19–1304; State v. Thomas, 82 Idaho 473, 355 P.2d 674 (1960). A reading of § 19–1426 discloses that an information for perjury does not have to allege the jurisdiction of the court before which the offense was allegedly committed. The information challenged in this case stated in what court and before whom the oath was taken and that the person who administered the oath was competent to do so; in this and all other respects, the information is sufficient to meet the foregoing statutory requirements.

The function of an information is to inform an accused of the exact nature of the

charge against him, so that (1) he can prepare a proper defense, and (2) he will be protected against subsequent prosecution based on the commission of the same acts. *E.g.*, State v. McKeehan, 91 Idaho 808, 430 P.2d 886 (1967); State v. Grady, 89 Idaho 204, 404 P.2d 347 (1965). The information in this case adequately fulfills this function.

■ Crawford's next contention is that the perjury prosecution in this case violates the constitutional prohibition[1] against double jeopardy. The question raised—whether a prosecution for perjury committed at a former trial where the defendant was convicted of the substantive offense amounts to double jeopardy—was considered and laid to rest by the United States Supreme Court in United States v. Williams, 341 U.S. 58, 62, 71 S.Ct. 595, 95 L.Ed. 747 (1951), where the defendant was first convicted of depriving prisoners of their constitutional rights by beating them to coerce confessions and later indicted for committing perjury at the first trial because he falsely testified that he had not beaten the victims. In holding that the prosecution for perjury did not amount to double jeopardy, the Court stated:

> "The conviction of Williams, at a former trial, for beating certain victims is not former or double jeopardy. Obviously perjury at a former trial is not the same offense as the substantive offense * * * of depriving a person of constitutional rights under color of law. 'It is only an identity of offenses which is fatal.' Pinkerton v. United States, 328 U.S. 640, 644, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489, and cases cited. * * * It would be no service to the administration of justice to enlarge the conception of former jeopardy to afford a defendant immunity from prosecution for perjury while giving testimony in his own defense." *Id.* at 62, 71 S.Ct. at 597.

Here, the first trial involved the issue of proving that Crawford exhibited a deadly weapon in a rude, angry and threatening manner, not in self-defense, and in the presence of two or more witnesses. I.C. § 18–3303. The second trial involved the issue of whether or not Crawford, at the first trial, wilfully and contrary to his oath stated as true any material matter which he knew to be false. These are two distinct and separate offenses. Double jeopardy is not properly invoked to bar a second prosecution unless the same offense is involved in both the first and second trials. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1965); United States v. Williams, *supra*. Therefore, Crawford's perjury prosecution did not constitute double jeopardy.

The judgment is affirmed.

McQUADE, C. J., and McFADDEN and SHEPARD, JJ., and MAYNARD, D. J., concur.

1. The Fifth Amendment to the United States Constitution provides, in pertinent part: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb."