**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Jarel T. HAINES, Defendant-Appellant.**

**No. 72-1633.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 27, 1973.

Decided Sept. 18, 1973.

James Manahan, Indianapolis, Ind., for defendant-appellant.

Stanley B. Miller, U. S. Atty., Thomas L. Bose, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before KILEY and CUMMINGS, Circuit Judges, and CAMPBELL\*, Senior District Judge.

WILLIAM J. CAMPBELL, Senior District Judge.

The defendant, Jarel T. Haines, appeals from a judgment of conviction for knowingly making false material declarations while under oath as a witness before a court of the United States, in violation of 18 U.S.C. § 1623(a). We affirm.

The indictment here charged that the defendant committed perjury when he testified in his own behalf at a prior trial in which he had been charged with bank robbery, in violation of 18 U.S.C. § 2113(a). During the former trial, the defendant testified that on the eve of the alleged bank robbery he had spent the night with a Faye Key at the Terre Haute House Hotel in Terre Haute, Indiana. Terre Haute is located some distance away from the scene of the bank robbery in Lanesville, Indiana. The defendant further testified that the following morning he had met a Russell Hanes (no kin) at the Terre Haute House Hotel to discuss an employment opportunity. His testimony then was that he departed Terre Haute just before noon, the approximate time of the robbery, and that he spent that afternoon at Indianapolis and Greenwood, Indiana. The perjury indictment charged that this testimony given at the former trial was false to the knowledge of the defendant.

Prior to trial, the defendant moved to dismiss the perjury indictment, contending that the bank robbery prosecution constitutes a plea in bar to the perjury prosecution. More specifically, the defendant argued that since he was acquitted of the bank robbery charge, the alibi perjury allegations raised by the government in the perjury indictment were, in his words, "res judicata", and that he was being subjected to double jeopardy because the government's evidence was substantially the same as that presented at the bank robbery trial. On appeal, the defendant raises essentially the same contentions.

As we understand the defendant's argument, he asserts that the perjury prosecution is barred by the doctrine of collateral estoppel since his acquittal on the bank robbery charge, he contends, constitutes a prior determination of the veracity of his alibi testimony. The doctrine of collateral estoppel, which is embraced within the constitutional guarantee against double jeopardy, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future law suit." Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). In the context of a perjury indictment relating to testimony given at a former trial on a substantive charge, the doctrine of collateral estoppel does not bar the perjury prosecution unless the issues of fact central to that prosecution were *necessarily* determined in the former trial. See United States v. Williams, 341 U.S. 58, 71 S.Ct. 595, 95 L.Ed. 747 (1951); United States v. Nash, 447 F.2d 1382 (4th Cir. 1971); Adams v. United States, 287 F.2d 701 (5th Cir. 1961); Wheatley v. United States, 286 F.2d 519 (10th Cir. 1961); Ehrlich v. United States, 145 F.2d 693 (5th Cir. 1944). Unless the record of the prior proceeding affirmatively demonstrates that an issue involved in the second trial was definitely determined in the former trial, the possibility that it may have been does not prevent the relitigation of that issue. Adams v. United States, 287 F.2d 701, 705 (5th Cir. 1961).

As in *Adams,* an examination of the pleadings and evidence presented at the former trial here indicates that the jury could have disbelieved the defendant's alibi testimony and still reached a

---

\* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

verdict of acquittal. There is no necessary inconsistency between Haines' innocence of the bank robbery charge and his not being at the Terre Haute House Hotel in Terre Haute, Indiana. In other words, the jury could have discredited the defendant's testimony concerning his whereabouts at the time of the alleged offense, and still arrived at the conclusion that the government had failed to prove that he was a participant in the bank robbery. Thus, the issue regarding the veracity of the facts constituting the alibi defense was not necessarily adjudicated at the bank robbery trial. Therefore, the subsequent prosecution of the defendant for perjury in violation of 18 U.S.C. § 1623(a) did not place him in double jeopardy.

For the foregoing reasons, the judgment of conviction is affirmed.

Affirmed.