SUMMARY ORDER

Jose Borbon appeals from a judgment of conviction and sentence in the United States District Court for the Southern District of New York (Chin, </.). Following a jury trial, Borbon was convicted of conspiracy to commit robberies of individuals that he and his co-conspirators believed to be in possession of narcotics or narcotics proceeds and conspiracy to distribute, and possess with intent to distribute, five or more kilograms of cocaine. We assume the parties’ familiarity with the facts, proceedings below, and scope of issues on appeal.
Liberally construed, Borbon maintains that the district court lacked subject *37 matter jurisdiction over his criminal trial and personal jurisdiction over him as a defendant. Because Borbon was charged with two federal conspiracy crimes, the district court had subject matter jurisdiction over the prosecution of these crimes pursuant to 18 U.S.C. § 3231. See 18 U.S.C. § 3231 (“The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States”). The court also had personal jurisdiction. See United States v. Williams, 341 U.S. 58, 65, 71 S.Ct. 595, 95 L.Ed. 747 (1951) (noting that “[t]he District Court had jurisdiction of offenses against the laws of the United States ... hence it had jurisdiction of ... the persons charged”) (citations omitted).
Borbon’s allegation that his trial attorney’s continued representation violated his Sixth Amendment right to counsel of his choice also fails, because he made no showing of good cause entitling him to substitute counsel. See United States v. Catabro, 467 F.2d 973, 986 (2d Cir.1972) (good cause warranting substitution of counsel during trial may include a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict). To the extent that Borbon alleges that his trial attorney’s continued representation violated his right to self-representation, we conclude that Borbon waived the right to self-representation because he failed to indicate “clearly and unequivocally” that he wished to represent himself at trial. See Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Williams v. Bartlett, 44 F.3d 95, 100 (2d Cir.1994). To the extent that Bor-bon challenges the effectiveness of his trial counsel, this Court has a “baseline aversion to resolving ineffectiveness claims on direct review.” United States v. Williams, 205 F.3d 23, 35 (2d Cir.2000). Therefore, we decline to review Borbon’s claim at this time.
Additionally, Borbon claims that the Government was “malicious” in its prosecution. However, a decision to prosecute violates due process only where the decision is in retaliation for the defendant’s exercise of his legal rights. See United States v. White, 972 F.2d 16, 19 (2d Cir.1992). Borbon has failed to indicate any exercise of legal rights on his part that the government retaliated against. The filing of a second superceding indictment following mistrial does not, alone, give rise to a presumption of vindictiveness. See, e.g., Lane v. Lord, 815 F.2d 876, 878 (2d Cir.1987) (no presumption of vindictiveness where Government adds conspiracy count following mistrial).
We have reviewed Borbon’s remaining contentions and find them to be without merit. We therefore affirm the district court’s judgment of conviction and sentence.