# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 16, 2014

Plaintiff-Appellee,

v

No. 316444
Osceola Circuit Court
LC No. 12-004684-FH

CLIFFORD YOUNGS,

Defendant-Appellant.

Before: MURPHY, C.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Clifford Youngs, appeals by right his jury trial conviction of perjury. MCL 750.423. The trial court sentenced Youngs to serve three months in jail for his conviction. Because we conclude there were no errors warranting relief, we affirm.

Youngs was the manager of the Osceola County Road Commission. Investigators examined the commission's billing practices and eventually deposed Youngs under oath. At his deposition, Youngs repeatedly denied ever directing any employee to alter or falsify their timecard. On the basis of evidence that Youngs had told employees to falsify their timecards, the prosecution charged Youngs with perjury and the jury found him guilty.

Youngs first argues that the prosecution could not charge him with perjury because that charge violated his constitutional right to testify on his own behalf.[1] This Court reviews de novo questions of constitutional law. *People v Rose*, 289 Mich App 499, 505; 808 NW2d 301 (2010). However, because Youngs did not present this argument before the trial court, our review is for plain error affecting substantial rights. *People v McNally*, 470 Mich 1, 5; 679 NW2d 301 (2004).

---

[1] Youngs characterizes this claim of error as a structural error. A structural error is an error that is "intrinsically harmful, without regard to [its] effect on the outcome, so as to require automatic reversal." *People v Duncan*, 462 Mich 47, 51; 610 NW2d 551 (2000).

An essential due process right is the right of criminal defendants to testify on their own behalf. *Faretta v California*, 422 US 806, 820 n 15; 95 S Ct 2525; 45 L Ed 2d 562 (1975). However, a defendant's right to testify in his defense is limited to the right to testify truthfully. See *United States v Grayson*, 438 US 41, 54; 98 S Ct 2610; 57 L Ed 2d 582 (1978). Nonetheless, a prosecutor may, under certain circumstances, be precluded from charging a criminal defendant with perjury for testifying on his or her own behalf at trial because the threat of perjury charges "unnecessarily chill" the right to testify. *People v Longuemire*, 87 Mich App 395, 397-398; 275 NW2d 12 (1978). A prosecutor may be precluded from bringing charges against a criminal defendant on the grounds that the new charges were properly addressed in the original criminal trial. See *Ashe v Swenson*, 397 US 436, 445-446; 90 S Ct 1189; 25 L Ed 469 (1970) (stating that the doctrine of collateral estoppel is part of the Fifth Amendment and will preclude a prosecutor from bringing new charges that were necessarily resolved in a prior criminal charge); *United States v Williams*, 341 US 58, 63; 71 S Ct 595; 95 L Ed 2d 747 (1951) (noting that, even when former jeopardy does not apply, res judicata can bar a subsequent perjury charge if the jury's verdict in the prior criminal trial necessarily resolved the issue in the defendant's favor).

The Court in *Longuemire* determined that the prosecutor could not properly charge the defendant with perjury on the basis of his testimony after a criminal trial where the jury found him guilty of breaking and entering and larceny; specifically, he denied having committed the crimes. *Longuemire*, 87 Mich App at 396-401. The Court concluded that it was constitutionally impermissible to threaten a defendant testifying about an ultimate issue with perjury because it discouraged the exercise of the right to testify without "substantially benefiting the administration of justice." *Id*. at 399. The Court held that "although a criminal defendant taking the stand on his own behalf does not have a license to lie, . . . he must be protected from threats of perjury prosecutions that unnecessarily chill his right to testify." *Id*. at 398; but see *United States v Dunnigan*, 507 US 87, 96; 113 S Ct 1111; 122 L Ed 2d 445 (1993) (stating that a trial court may properly increase a defendant's sentence because of her perjury, despite the chilling effect that such a power might have on the decision to testify, because the Supreme Court's authorities "do not impose a categorical ban on every governmental action affecting the strategic decisions of an accused, including decisions whether or not to exercise constitutional rights").

This case, however, does not involve a prosecution for perjury arising from testimony at a prior criminal trial. Therefore, the perjury charges did not implicate Youngs' right to testify on his own behalf. *Longuemire*, 87 Mich App at 398. For the same reason, the doctrines of collateral estoppel and res judicata do not apply to the facts of this case. See *Ashe*, 397 US at 445-446; *Williams*, 341 US at 63.

Youngs nevertheless argues that he should be protected from perjury charges premised on the testimony that he gave at his deposition under oath to the same extent that his testimony would have been protected had he testified at a criminal trial; specifically, he contends that it should be protected because his deposition involved a prosecutorial investigation of several crimes and he was compelled to testify. He maintains that he had a significant interest in telling his story that should not have been discouraged with the threat of perjury. Similar to the reasoning in *Longuemire*, he states, a defendant's lie about an ultimate issue during an investigative subpoena deposition does not threaten the integrity of the fact-finding process, because there is a lot of time before trial to test the defendant's statements.

-2-

The purpose of the deposition was to investigate potential defendants and witnesses to determine whether a crime occurred. It was not a testing of the evidence for the purpose of adjudicating guilt. The investigative function of such a deposition would be impeded—if not completely undermined—if the prosecutor could not enforce the oath with perjury charges. And our Supreme Court has specifically declined to extend the rule stated in *Longuemire* to cases other than those involving perjury premised on the defendant's testimony at a prior criminal trial. *People v White*, 411 Mich 366, 380-381; 308 NW2d 128 (1981). Given our Supreme Court's reluctance to extend the rule to testimony at a preliminary examination, we decline Youngs' invitation to extend the rule to deposition testimony taken under oath.

The prosecutor's charge of perjury did not violate Youngs' constitutional right to testify.

Youngs also argues that the evidence presented was insufficient to convict him of perjury beyond a reasonable doubt. We review de novo a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, an appellate court is required to take the evidence in the light most favorable to the prosecutor to ascertain whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010).

Under MCL 750.423(1), it is a felony for a "person of whom an oath is required by law" to "willfully swear[] falsely in regard to any matter or thing respecting which the oath is authorized or required . . . ." See *People v Lively*, 470 Mich 248, 254; 680 NW2d 878 (2004) (perjury is "a willfully false statement about *any* matter or thing concerning which an oath was authorized or required"). The prosecution bears the burden to prove the falsity of the statement "by establishing the truth of its contradiction." *People v Cash*, 388 Mich 153, 162; 200 NW2d 83 (1972). "It is not enough simply to contradict it, but evidence of the truth of the contradiction must come from evidence of circumstances bringing strong corroboration of the contradiction." *Id*.

At trial, the prosecution demonstrated that Youngs repeatedly testified at his deposition that he did not tell anyone at the road commission to alter their timecards. The prosecution then presented testimony and evidence that, if believed, showed that Youngs had in fact told employees to alter their timecards.

Foreman Gerald Nelson testified that Youngs told him to tell employees to falsify records at least twice and possibly a third time, and Mary Sackett, a secretary with the road commission, testified that she heard Youngs tell Gerald Nelson to alter timecards on more than one occasion. Brett Dailey recalled Gerald Nelson instructing him to change his timecard, and Marvin Nelson testified that his foreman instructed him to change his timecards. Marvin Nelson also explained that he called Youngs between five and seven times to receive instructions on filling out his timecard in a way that did not reflect his actual work performed. Sackett also recalled instances where Youngs instructed her to change time on the timecards. Several timecards with time or equipment alterations were examined at trial.

Youngs argues that the confusion regarding timecards was due to a misunderstanding on how he wished equipment to be billed and the employee's ignorance of the terms of grants that he obtained for the road commission. However, Gerald Nelson, Marvin Nelson, Dailey, Sackett, and William Huss, a clerk responsible for records at the road commission, consistently testified that the changes went not only to equipment billing but also to including time working on a project where work was not actually performed. Gerald Nelson, Marvin Nelson, Dailey, and Sackett described that changing timecards was an effort to attribute more work and equipment to special projects.

When viewed in a light most favorable to the prosecution, the direct and circumstantial evidence and reasonable inferences that may be drawn from the evidence were sufficient to support Youngs' conviction for perjury. *People v Hardiman*, 466 Mich 417, 429; 646 NW2d 158 (2002).

There were no errors warranting relief.

Affirmed.


/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Michael J. Kelly