# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2024

Lyle W. Cayce
Clerk

No. 23-10406
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN ANTONIO RUIZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-47-1

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Juan Antonio Ruiz pleaded guilty, pursuant to a written plea agreement, to: conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 (prohibiting conspiracy), 841(a)(1) (outlawing possession with intent to distribute controlled substance), 841(b)(1)(A) (setting penalty); and possession of a firearm in

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (outlining crime and penalty). In challenging the firearm conviction for the first time on appeal, he contends § 924(c)(1) is unconstitutional as applied to him in the light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) (announcing rule for assessing whether statute infringes on Second Amendment).

Our court first addresses Ruiz' assertion that the district court never had subject-matter jurisdiction because § 924(c)(1) is unconstitutional. *See, e.g.*, *Goldin v. Bartholow*, 166 F.3d 710, 714 (5th Cir. 1999) ("We are obligated to address issues of jurisdiction . . . prior to addressing the merits of an appeal."). District courts have "original jurisdiction . . . of all offenses against the laws of the United States", and this jurisdictional grant is invoked when an indictment charges a violation of a federal criminal statute. 18 U.S.C. § 3231; *see also United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013). The district court had jurisdiction. *See United States v. Williams*, 341 U.S. 58, 66 (1951) ("Even the unconstitutionality of the statute under which the proceeding is brought does not oust a court of jurisdiction.").

Next, the Government seeks to enforce the appeal waiver in Ruiz' earlier-referenced plea agreement. The waiver question is non-jurisdictional, and we choose to pretermit it. *See, e.g.*, *United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006) (explaining appeal waivers are non-jurisdictional).

Because Ruiz did not raise in district court the other issues he presents on appeal, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Ruiz must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only

if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Ruiz stored and distributed methamphetamine in a residence where he lived with his girlfriend. He contends he had a right to possess firearms there, notwithstanding his criminal activity (an issue he concedes he did not preserve in district court). It is not clear, however, that *Bruen* or other binding authority compels this conclusion. Because Ruiz' theory requires an extension of precedent, he fails to show the requisite clear or obvious error. *See, e.g.*, *United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023) ("Arguments that require the extension of existing precedent cannot meet the plain error standard.").

Lastly, because the issue was considered in the Government's brief and Ruiz' reply brief, we will address the sufficiency of the factual basis under Federal Rule of Criminal Procedure 11(b)(3) (requiring court to validate factual basis before entering judgment on guilty plea). *See United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009) (exercising discretion to consider issue raised in appellee's brief and addressed in reply). Under plain-error review, our court may look beyond Ruiz' admissions and "scan the entire record for facts supporting his conviction". *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

Ruiz contends there are insufficient facts to show his firearm possession was "in furtherance of" his drug-trafficking crime. 18 U.S.C. § 924(c)(1)(A). The record, however, includes multiple details linking the firearms found in his residence with methamphetamine trafficking. *See United States v. Ceballos-Torres*, 218 F.3d 409, 412, 414–15 (5th Cir. 2000) (outlining examples and factors). And, Ruiz admitted he kept the firearms in his residence to protect his money and methamphetamine from robbery. *See id.* at 412 (explaining firearm possession to defend against robbery is example

of possession "in furtherance"). The requisite clear-or-obvious error is lacking.

AFFIRMED.

Judge Oldham would grant the Government's motion to enforce the appeal waiver.