[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10711

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KENNETH PHELPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:23-cr-00034-MTT-CHW-1

_____

Before LUCK, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Kenneth Phelps pleaded guilty to possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). He now appeals his conviction and his upward-variance sentence of 72 months' imprisonment on the ground that § 924(c)(1)(A) is unconstitutional as applied to him under the Second Amendment. Phelps, however, did not bring a Second Amendment challenge to § 924(c)(1)(A) in the district court and instead raises this argument for the first time on appeal. After careful review, we affirm.

We typically review *de novo* the constitutionality of a statute, but constitutional issues raised for the first time on appeal are reviewed for plain error. *See United States v. Valois*, 915 F.3d 717, 729 n.7 (11th Cir. 2019); *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) ("[W]e review Wright's challenge regarding the constitutionality of § 922(g) for plain error because he raises it for the first time on appeal."); *United States v. Bolatete*, 977 F.3d 1022, 1032, 1034, 1036 (11th Cir. 2020) (applying plain-error review to two constitutional challenges raised for the first time on appeal, including a challenge under the Second Amendment).[1]

---

[1] Phelps insists that plain-error review does not apply because his constitutional challenge to § 924(c)(1)(A) is "jurisdictional," and this Court has held that jurisdictional errors are "not subject to plain- or harmless-error analysis."

24-10711              Opinion of the Court                3

Under plain-error review, we can correct an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). For an error to be plain, "the legal rule [must be] clearly established at the time the case is reviewed on direct appeal," *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015), and the error must be "clear

---

*McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001). It is accurate that we have held that a defendant's claim that an indictment failed to charge a legitimate offense is "jurisdictional," in the sense that it is not waived upon a plea of guilty. *United States v. Saac*, 632 F.3d 1203, 1208 (11th Cir. 2011). But a "jurisdictional *defect* is one that strip[s] the court of its power to act and ma[kes] its judgment void." *McCoy*, 266 F.3d 1249 (emphasis added & internal quotations omitted). Thus, the question of "whether [a statute] is unconstitutional does not involve" a court's "jurisdiction," in the sense of its "statutory or constitutional power to adjudicate the case." *Al Bahlul v. United States*, 767 F.3d 1, 10 n.6 (D.C. Cir. 2014) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). That is, a district court retains jurisdiction over a case even if "the statute [under which the defendant is indicted] is wholly unconstitutional, or [ ] the facts stated in the indictment do not constitute a crime or are not proven." *United States v. Williams*, 341 U.S. 58, 68–69 (1951); *see also id*. at 66 ("Even the unconstitutionality of the statute under which the proceeding is brought does not oust a court of jurisdiction."); *Cotton*, 535 U.S. at 631 ("[T]his Court some time ago departed from [the] view that indictment defects are 'jurisdictional.'"). We thus reject Phelps's contention that we review his constitutional challenge—raised for the first time on appeal—*de novo*.

or obvious, rather than subject to reasonable dispute," *Puckett v. United States*, 556 U.S. 129, 135 (2009).  An error is plain if "explicit language of a statute or rule or precedent from the Supreme Court or this Court directly resolv[es] the issue." *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020) (quotation marks omitted).

Here, Phelps has not shown that the district court plainly erred because he does not point to any case from this Court or the Supreme Court holding that § 924(c)(1)(A) is unconstitutional under the Second Amendment.  Indeed, Phelps's own argument is that "[t]his Court *has not rejected* a Second Amendment challenge to 18 U.S.C. § 924(c)(1)(A) in a published decision."  As we've said, "in the absence of explicit language of a statute or rule, an error cannot be plain unless the issue in question has been specifically and directly resolved by on point precedent from the Supreme Court or this Court." *United States v. Moran*, 57 F.4th 977, 984 (11th Cir. 2023) (internal quotations omitted).  Without any on point precedent directly resolving the issue here, Phelps cannot establish plain error, and his as-applied Second Amendment challenge to § 924(c)(1)(A) must fail. *See United States v. King*, 73 F.3d 1564, 1572 (11th Cir. 1996) ("We need not discuss the entire plain error test because the second prong of the test—that the alleged error be plain—is not met.").

Accordingly, for the reasons stated, we affirm Phelps's conviction and sentence.

**AFFIRMED.**