**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**September 16, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

WYATT A. CONRADY,

    Petitioner - Appellant,

v.

LAURA PROFFITT,

    Respondent - Appellee.

No. 24-3167
(D.C. No. 5:24-CV-03078-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **EID**, Circuit Judges.
_____

This appeal grew out of a military court's decision. After an unfavorable decision, an aggrieved servicemember can pursue habeas relief in federal district court if the military court had a chance to consider the issue. Here, however, a servicemember sought habeas relief on an issue

---

[*]    The parties haven't requested oral argument, and it would not help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

that he hadn't raised in military court. So the district court dismissed the habeas petition. We affirm.

The servicemember was convicted of solicitation of a child to produce child pornography and convicted in a general court-martial.[1] The servicemember unsuccessfully sought relief in the United States Army Court of Criminal Appeals and the United States Court of Appeals for the Armed Forces. After pursuing relief in these courts, the servicemember sought habeas relief in federal district court, claiming that the military court had lacked jurisdiction under the Uniform Code of Military Justice because the solicitation involved a child rather than a servicemember.

The district court could consider this claim only if the servicemember had exhausted available remedies in the military court system. *Noyd v. Bond*, 395 U.S. 683, 693 (1969); *Khan v. Hart*, 943 F.2d 1261, 1263 (10th Cir. 1991). And the servicemember didn't raise this claim in any of the military tribunals.

He argues that he didn't need to do so because subject-matter jurisdiction cannot be waived. But the Supreme Court has recognized an exception to the exhaustion requirement in military tribunals when they

---

[1]    The servicemember was also convicted of knowingly exposing his genitals to a child and intentionally communicating indecent language in order to arouse or gratify his sexual desires. But our appeal does not involve these charges.

2

lack personal jurisdiction. *See Hamdan v. Rumsfeld*, 548 U.S. 557, 585 n.16 (2006). The servicemember appears to assume that this exception also applies to challenges involving a military tribunal's subject-matter jurisdiction. Even if Mr. Conrady is right about this assumption, it wouldn't help him because the applicability of the Uniform Code of Military Justice involves sufficiency of the evidence rather than subject-matter jurisdiction. *See United States v. Williams*, 341 U.S. 58, 68–69 (1951) (distinguishing between subject-matter jurisdiction and consideration whether the underlying facts would constitute a crime). As a result, the servicemember needed to exhaust his claim in the military tribunals. He admits that he failed to do that, so the district court was right to dismiss the habeas claim.

Affirmed.

Entered for the Court

Robert E. Bacharach
Circuit Judge