**Nelson Torres MALDONADO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Docket No. 01–3731.

United States Court of Appeals, Second Circuit.

Argued: Sept. 8, 2003.

Decided: Sept. 17, 2003.

Kim P. Bonstrom, Bonstrom & Murphy, New York, NY, for Petitioner.

Benjamin Gruenstein, (Meir Feder, Assistant United States Attorney, of counsel; James B. Comey, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Respondent.

Before VAN GRAAFEILAND, McLAUGHLIN, and CABRANES, Circuit Judges.

PER CURIAM.

This application for leave to file a second or successive petition for a writ of habeas corpus raises the issue of whether the gatekeeping provisions of the Antiterror-

---

ism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, § 105, 110 Stat. 1214, 1220–21 ("AEDPA"), codified at 28 U.S.C. § 2255, may be applied retroactively to second habeas petitions of petitioners who filed their initial petitions prior to the enactment of AEDPA and who now raise a claim under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Although we have not previously addressed this precise issue, we conclude that petitioner's application to file a second habeas petition is foreclosed by our decision in *Coleman v. United States,* 329 F.3d 77 (2d Cir.2003), in which we held that *Apprendi* is a new, but not watershed, procedural rule that does not apply retroactively to initial motions to vacate. Under *Coleman,* because petitioner cannot meet the pre-AEDPA requirements for raising a claim in a successive petition, AEDPA has no impermissible retroactive effect in this case. Petitioner's motion to file a second petition is therefore denied.

## BACKGROUND

Nelson Torres Maldonado was tried and convicted in 1990 of conspiring to distribute and possess with intent to distribute at least one kilogram of heroin and five kilograms of cocaine, in violation of 21 U.S.C. § 846. At trial, the jury did not make any determination regarding drug type or quantity. Instead, following the jury's verdict, the United States District Court for the Southern District of New York (Leonard B. Sand, *Judge*), consistent with pre-*Apprendi* practices, determined that at least seven kilograms of heroin and four kilograms of cocaine were attributable to Maldonado by virtue of his participation in the conspiracy. The District Court then converted the quantity of cocaine to an equivalent amount of heroin pursuant to the Sentencing Guidelines equivalency tables, determined that 7.8 kilograms of heroin were attributable to Maldonado, and

concluded that Maldonado's unadjusted base offense level was 34. After two additional adjustments, the Court determined Maldonado's sentencing range to be 292–365 months, and imposed a sentence of 324 months. We affirmed Maldonado's conviction and sentence on direct appeal, and, on January 30, 1996, we upheld the denial of Maldonado's first habeas petition.

Subsequent to the disposition of Maldonado's direct appeal and § 2255 petition, there were two significant developments. First, in 1996, Congress enacted AEDPA, which, among other things, sets forth express requirements for second or successive petitions. Specifically, under AEDPA's gatekeeping provisions, an individual seeking to file a second or successive habeas petition must receive permission to do so from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). The court of appeals, in turn, may authorize a second or successive petition only if the movant's application contains a claim based on either newly discovered evidence or, more importantly for our purposes, "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. Thus, under AEDPA, a petitioner who wishes to rely on a new rule of constitutional law may do so only if the Supreme Court has announced that the rule will apply retroactively on collateral review. *See Tyler v. Cain,* 533 U.S. 656, 662–63, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).

On June 20, 2000, the Supreme Court decided *Apprendi,* holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. The Su-

preme Court has not announced that *Apprendi* applies retroactively. *See Harris v. United States*, 536 U.S. 545, 581, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (Thomas, J., dissenting) ("No Court of Appeals, let alone this Court, has held that *Apprendi* has retroactive effect."). On June 25, 2001, Maldonado filed a *pro se* application asking permission to file a second or successive petition under 28 U.S.C. § 2255. Maldonado seeks to vacate his sentence on the ground that the 324–month sentence imposed by the District Court is beyond the statutory maximum applicable to indeterminate quantities of narcotics, *see* 21 U.S.C. § 841(b)(1)(C), and therefore contravenes the rule of *Apprendi*. On July 9, 2002, this Court entered an Order deferring disposition of Maldonado's motion and appointing counsel for Maldonado.

### DISCUSSION

Maldonado concedes that his § 2255 petition does not meet the requirements of AEDPA's gatekeeping provisions. Maldonado argues, instead, that AEDPA's gatekeeping provisions, as applied to this case, would have an impermissible retroactive effect, because, at the time he filed his initial § 2255 petition, AEDPA had not yet been enacted.

To dispose of this application, we need not decide whether, or under what circumstances, AEDPA's gatekeeping provisions have a "retroactive effect" under *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994),[1] because, even prior to the enactment of AEDPA, Maldonado would not have been permitted to file a second petition. *Cf.*

*Rodriguez v. Mitchell*, 252 F.3d 191, 203 (2d Cir.2001) (declining to address retroactivity when successive petition could not be brought "under AEDPA or under the standard that prevailed prior to the passage of AEDPA"). A pre-AEDPA petitioner who sought to bring a second habeas petition based on a new rule of constitutional criminal procedure had to demonstrate that the new rule fit into one of two narrow categories identified in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). The two categories are "(1) new rules that 'place an entire category of primary conduct beyond the reach of the criminal law, or new rules that prohibit imposition of a certain type of punishment for a class of defendants because of their status or offense'; or (2) 'new watershed rules of criminal procedure that are necessary to the fundamental fairness of the criminal proceeding.'" *United States v. Mandanici*, 205 F.3d 519, 525 (2d Cir. 2000) (quoting *Sawyer v. Smith*, 497 U.S. 227, 241–42, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990)).

In *Coleman*, this Court, applying *Teague*, held that the new rule of law announced in *Apprendi* does not apply retroactively to initial § 2255 motions for habeas relief. We concluded, first, that because *Apprendi* "did not effect a change in the meaning of a federal criminal statute," *Coleman*, 329 F.3d at 87, *Apprendi* did not announce a substantive rule. Instead, *Apprendi* announced a new procedural rule subject to *Teague*'s general bar against retroactive habeas relief for procedural errors. *Id.* at 87–88. We concluded next that neither of *Teague*'s exceptions applies to *Apprendi*. The

---

1. The Government argues that in order to demonstrate a "retroactive effect" under *Landgraf* and its progeny, Maldonado would need to establish not only that he would have been allowed to raise his *Apprendi* claim on a second petition before AEDPA but also that he detrimentally relied on the pre-AEDPA law governing second petitions. We express no view here as to what a petitioner must show to establish that AEDPA's gatekeeping provisions are impermissibly retroactive under the *Landgraf* test.

first exception does not apply because *Apprendi* did not "alter the relationship between the quantity of cocaine base and the severity of punishment ...." *Id.* at 88. The second exception does not apply because *Apprendi* simply " 'clarified and extended' the scope of two well-settled principles of criminal procedure." *Id.* at 89 (quoting *U.S. v. Mora*, 293 F.3d 1213, 1219 (10th Cir.2002)).

The reasoning in *Coleman* applies with full force to the application presently before the Court. Because, as *Coleman* held, *Apprendi* announced a procedural rule that falls outside *Teague*'s narrow exceptions, Maldonado's *Apprendi* claim would not have been cognizable on collateral review even before the enactment of AEDPA.

In light of our conclusion that Maldonado's second petition would have been barred under pre-AEDPA law, we need not address the Government's additional arguments that (a) Maldonado's petition would have been procedurally barred under pre-AEDPA law because Maldonado failed to raise his *Apprendi* claim earlier and because sufficient "cause" and "prejudice" do not exist in this case to excuse any procedural default that might otherwise apply; and (b) that the District Court's failure to submit the drug-quantity determination to the jury was harmless. Petitioner's motion is denied on the sole ground that *Apprendi* does not apply retroactively to second or successive habeas petitions.

### CONCLUSION

For the reasons set forth above, petitioner's motion seeking leave to file a second petition for a writ of habeas corpus is denied.