Tommy WALKER, Petitioner,

v.

UNITED STATES of America,
Respondent,

No. 5:00–CV–1112.

United States District Court,
N.D. New York.

Feb. 11, 2004.

Tommy Walker, Gary Miller, Raymond Cobbs, Lewisburg, PA, Petitioner, pro se.

Glenn T. Suddaby, United States Attorney, Northern District of New York, Syracuse, NY (Richard R. Southwick, Assistant United States Attorney, of Counsel), for respondent.

## MEMORANDUM DECISION AND ORDER

MUNSON, Senior District Judge.

Three petitioners, *pro se*, file a motion attacking their sentences pursuant to 28 U.S.C. § 2255, and initially move to have their individual cases consolidated and considered jointly by the court. The court recognizes that *pro se* pleadings should be construed in a liberal and deferential manner. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). After a jury trial in this court, the petitioners were convicted of operating a continuing criminal enterprise and conspiracy to violate drug and firearm laws. Because each petitioner raises identical issues about the reality and appearance of fairness of their convictions and punishment, the court grants their motion and their cases are consolidated into a single proceeding.

On October 19, 1995, a twenty-seven count indictment was filed charging the petitioners with operating a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848, and conspiracy to distribute cocaine, cocaine base (CRACK), methamphetamine (ICE), and marijuana, in violation of 21 U.S.C. § 846. The petitioners were also charged with various other weapons possession, firearms conspiracy counts, drug possession and distribution felonies. A jury trial began on May 7, 1996 and terminated on July 2, 1996 with petitioners being convicted on all counts. Tommy Walker was convicted operating a CCE, conspiracy to distribute narcotics, conspiracy to distribute firearms, and several counts of possession with intent to distribute narcotics; Gary Miller was convicted of conspiracy to distribute narcotics, and several counts of possession to distribute cocaine and crack cocaine; Raymond Cobbs was convicted of conspiracy to possess with intent to distribute cocaine base and methamphetamine, and unlawful possession of a firearm by a felon. A sentencing hearing was conducted on January 23, 1997 for petitioner's fellow defendant Miller with regard to the drug quantity attributable to Miller and other defendants. At the hearing's conclusion, the court found that the conspiracy involved in excess of 1.5 kilograms of crack cocaine. Petitioner Walker was sentenced to serve life imprisonment on the most serious counts with

concurrent terms on the lesser counts; Miller was sentenced to serve 188 months of imprisonment on each count, to be served concurrently, then five years supervised release; Cobbs was sentenced to serve 262 months in prison then four years of supervised release.

Petitioners and their co-defendants appealed their convictions and sentences to the United States Court of Appeals for the Second Circuit, and, on March 18, 1999, the appeals court affirmed all aspects of the convictions for petitioners and their co-defendants. These three petitioners then filed petitions for writs of *certiorari* to the United States Supreme Court. The petitions were all denied on October 4, 1999. Petitioners filed this motion attacking their sentences pursuant to 28 U.S.C. § 2255 on July 13, 2000.

Subsequent to the petition's filing, petitioners made two motions seeking the court's permission to amend the petition pursuant to Federal Rule of Civil Procedure 15(a) to add two new claims for relief to their petition.

█ A habeas petitioner, like any civil litigant, is entitled to amend his petition. *Zarvela v. Artuz,* 254 F.3d 374, 382 (2d Cir.2001). ."Sections 2254 and 2255 are generally seen *in pari materia*" and therefore "the reasoning of [cases] in the context of § 2255 petitions applies equally to § 2254 petitions." 235 F.3d 804, 815–16 (2d Cir.2000). The Anti-terrorism and Effective Death Penalty Act (the "AEDPA") affords every prisoner a full opportunity to seek collateral review. Part of that opportunity-part of every civil case-is an entitlement to add or drop issues while litigation proceed.

█ Motions to amend habeas petitions should not be construed as second or successive petitions. *Corrao v. United States,* 152 F.3d 188, 191 (2d Cir.1998). The standard for granting or denying a motion to amend is thus governed by Fed-

eral Rule of Civil Procedure 15(a). The application of this Rule is supported by 28 U.S.C. § 2242, which state that a petition for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions," and Rule 11 of the Rules Governing § 2254 cases which provides that the Federal Rules of Civil Procedure, "to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." Even though Rule 15 requires that leave be freely given, nevertheless, district courts retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive. *Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Nothing in the AEDPA appears to be inconsistent with the application of Rule 15, which promotes consideration of all of a party's claims on the merits. *Fama v. Commissioner of Correctional Services,* 235 F.3d 804, 808 (2d Cir.2000).

█ The court finds no apparent abuse by petitioners in the proposed amendments to their petition, and no prejudice to the government which would result therefrom, therefore, the claims raised in petitioners' amendments will be forthwith addressed by the court in connection with their § 2255 motion.

In their first motion seeking to add another claim to their § 2255 motion, petitioners assert that their Due Process rights were violated under the holding in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), when the Government did not meet its responsibility to disclose favorable impeaching evidence to the defense. Walker alleges that a key witness against petitioners was, Damien McCovery, who had been arrested prior to the trial and had been cooperating with the criminal investigation of Walker since

his arrest. This claim could not be made in earlier proceedings because petitioner Walker did not come into possession of documentary proof of these allegations until June 2001.

■ Prosecutorial non-disclosure of exculpatory evidence does not assume unconstitutional dimensions unless the undisclosed evidence is "material . . . to guilt or to punishment." *Brady*, 373 U.S. at 87, 83 S.Ct. at 1197. "Since impeachment evidence is exculpatory under *Brady*, the question we ask in a prosecutorial non-disclosure setting is 'whether the omitted evidence is of sufficient materiality to call for a new trial.'" *United States v. Sanchez*, 917 F.2d 607, 617 (1st Cir.1990)(quoting *United States v. Imbruglia*, 617 F.2d 1, 4 (1st Cir.1980)), *cert. denied*, 499 U.S. 977, 111 S.Ct. 1625, 113 L.Ed.2d 722 (1991). The materiality test under *Brady* is not met unless the non-disclosure of evidence "undermine[s] confidence in the outcome of the trial," *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985), which can occur if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 682, 105 S.Ct. at 3383; *Sanchez*, 917 F.2d at 617.

■ In their direct appeal to the Second Circuit, petitioners claimed that the prosecution suborned perjury in employing the testimony of Damien McCovery. In finding the testimony of this witness to be discredited, the Second Circuit stated that, "[a] reading of the transcript of McCovery's testimony shows an unreliable, inarticulate witness who had a faulty memory and often misunderstood the questions posed to him." *United States v. Blackwell, et. al.,* 173 F.3d 846, 847 (2d Cir.1999).

Furthermore, attached to petitioner Walker's motion papers is a letter from Joseph T. Flood, Esq., a criminal defense attorney seeking information. He had spoken with Salvatore J. Piemonte, Esq., Walker's trial and appellate attorney, concerning Damien McCovery, who was going to testify against his client in a pending case. Attorney Flood stated in his letter that he had read the testimony McCovery had given in Walker's case and "it is apparent [on cross examination] that Sal [Piemonte—Walker's attorney] had at his disposal numerous additional documents including McCovery's rap sheet, a statement McCovery gave to [co-defendant] Prentise Lindsey, and other materials."

This court's review of McCovery's testimony concurs with the Second Circuit's opinion of him as a witness. Petitioners' trial counsel was given ample opportunity to make a record from which he could argue that the witness was biased because of a particular hope or expectation *Barrett v. United States,* 965 F.2d 1184, 1189 (1st Cir.1992). Petitioners' Sixth Amendment rights were adequately protected, and defense counsel, through extensive cross-examination, fully established the potential bias of McGovern stemming from his cooperation with the government. Additionally, petitioners have not shown that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *United States v. Bagley,* 473 U.S. at 682, 105 S.Ct. 3375, 87 L.Ed.2d 481.

■ In their second motion to add another claim, petitioners contend that their sentences were made illegal by the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the jury did not determine that they were guilty of every element of the crimes with which they were charged beyond a reasonable doubt. In *Apprendi*, the Supreme Court held that "[other than the fact of a prior conviction], any fact that increases the

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348.

The court will not consider this claim due to the following reason. Petitioners' convictions became final when the Supreme Court denied their petitions for *certiorari* on October 4, 1999, and *Apprendi* was decided on June 26, 2000. The Second Circuit has concluded that *"Apprendi"* announced a rule that is both "new" and "procedural", but not "watershed," we conclude that *Apprendi* does not apply retroactively to initial § 2255 motions for habeas relief. We therefore affirm the judgment of the district court without reaching the merits of [petitioner's] *Apprendi* claim." *Coleman v. United States,* 329 F.3d 77, 89 (2d Cir.2003). Additionally, in authoring the dissenting opinion in the five to four decision in *Harris v. United States,* 536 U.S. 545, 581, 122 S.Ct. 2406, 153 L.Ed.2d 524, 70 USLW 4655 (2002), Justice Thomas wrote, "[n]o Court of Appeals, let alone this court, has held that *Apprendi* has retroactive effect." *Harris,* at 581, 122 S.Ct. at 2427. Petitioners' motion to include this claim in their petition is denied.

▆▆▆ Because a motion pursuant to § 2255 is a collateral attack on the judgment of conviction or sentence, the burden is on the petitioner to establish a basis for relief on the grounds set forth in the statute. Consequently, to be successful on this motion the petitioners must allege substantial issues of fact, which if proven, would entitle them to the relief they seek. *Taylor v. United States,* 229 F.2d 826 (8th Cir.), *cert. denied,* 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500 (1956); *United States v. Pisciotta,* 199 F.2d 603 (2d Cir.1952). In determining whether to grant an evidentiary hearing on the petition, the court is mindful of its obligation to do so "[U]less the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief 28 U.S.C. § 2255", *Torres v. United States,* 370 F.Supp. 1348 (E.D.N.Y.1974). "A hearing is not required where petitioner's allegations are insufficient in law, undisputed, immaterial, vague, conclusory, palpably false or patently frivolous". *United States v. Malcolm,* 432 F.2d 809, 812 (2d Cir. 1970). A district judge considering a § 2255 motion can rely on his/her personal familiarity with the case and dismiss the habeas claim without a hearing if he/she finds that the petitioner "lack[s] any truly meritorious allegation" and there is "overwhelming evidence of [petitioner's] guilt." *United States v. Aiello,* 900 F.2d 528, 534 (2d Cir.1990).

Petitioner asserts eight grounds in support of his 2255 motion which shall be addressed seriatim by the court.

1) The indictment is jurisdictionally defective because it failed to include all the elements of the crime charged and essential facts, and failed to provide proper notice in violation of the Fifth and Sixth Amendments of the U.S. Constitution,

2) a letter from a non-testifying co-defendant deprived petitioner of his Sixth Amendment right to confront a witness against him,

3) the Government interfered with petitioner's attorney-client relationship thereby violating his Fifth and Sixth Amendment rights and left the court without jurisdiction,

4) petitioner was denied his right to a unanimous jury verdict in violation of the Federal Rules of Criminal Procedure 31(a), and the Sixth Amendment,

5) petitioner's being detained without bail for over four hundred days violated his Due Process clause of the Fifth Amendment, and his right to a speedy trial under the Sixth Amendment,

6) his prosecution was brought selectively, vindictively and for improper purpose,

7) the search and seizure in this case were unreasonable and in violation of the Fourth Amendment,

8) the testimony of an alleged accomplice, and the testimony of one who provided evidence against a defendant as an informer for pay or for immunity from punishment or for personal advantage, denied the defendant Due Process of law and a fair trial.

In his first point, Walker claims that the indictment is jurisdictionally defective and his conviction should be vacated based on the decision in *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). This opinion holds that a conviction could be vacated if the indictment failed to identify three specific predicate violations, elements necessary for a CCE conviction.

He correctly states that *Richardson* applies retroactively here because it is his first § 2255 motion. *Santana–Madera v. United States*, 260 F.3d 133, 138–39 (2d Cir.2001),but the Government contends, and the court agrees, that this claim has been procedurally defaulted because it was not raised on his direct appeal.

Procedural default may be found if a § 2255 petitioner has waived or abandoned a claim by failing to either preserve it for, or raise it on direct appeal. *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Procedural default will bar review of claimed errors unless the petitioner can show cause for the default and prejudice resulting from the error or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id.*

Prior to Walkers conviction, a number of circuits had considered the purportedly novel question decided in *Richardson*. In fact, there was already a circuit split on it. Although the Second Circuit had not specifically addressed the issue, the court alerted counsel to the fact that some district courts in the circuit were requiring it. The fact that the argument was not uniformly accepted by these courts does not excuse Walker's failure to raise it. "Where the basis of a … claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsels against labeling alleged unawareness of objection as a cause for procedural default." *Engle v. Isaac*, 456 U.S. 107, 134, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Since Walker has neither established cause for his default or actual innocence, this claim is procedurally defaulted and cannot be reviewed.

Walker has set forth additional claims that the defective indictment deprived the court of jurisdiction. He alleges that the indictment did not include all of the elements of the crimes charged, failed to include essential facts and to give proper notice. The Supreme Court, however, has determined that defects in an indictment are non-jurisdictional. *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 1785–86, 152 L.Ed.2d 860 (2002).

A ruling "that the indictment is defective does not effect the jurisdiction of the trial court to determine the case presented by the indictment." *United States v. Williams*, 341 U.S. 58, 66, 71 S.Ct. 595, 95 L.Ed. 747 (1951). In *Lamar v. United States*, 240 U.S. 60, 36 S.Ct. 255, 60 L.Ed. 526 (1916), Justice Holmes explained that a district court "has jurisdiction of all crimes cognizable under the authority of the United States … [and] [t]he objection that the indictment does not charge a

crime goes only to the merits of the case." Id. at 65, 36 S.Ct. 255.

■■■■ The Supreme Court has determined that defects in an indictment are non-jurisdictional. *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1785–86, 152 L.Ed.2d 860 (2002), and, if found, the defects are to be reviewed under the plain error test of Federal Rule of Criminal Procedure 52(b). Under that test, an appellate court may correct an error if (1) there is an error (2)(that) is plain and (3) that affects substantial rights. *United States v. Olano,* 507 U.S. 725, 732–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). "If all three [of these] conditions are met, an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affect[s] the fairness integrity, or public reputation of judicial proceedings." *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 1549 137 L.Ed.2d 718 (1997).

The indictment charged, and Walker was convicted of Aiding and Abetting a CCE, but it is not a crime to aid and abet a CCE. Walker was a kingpin in the drug dealing conspiracy, and it has been held "that a drug felony conviction based upon aiding and abetting" may qualify as a "series" predicate where, as here, the aider and abettor is a kingpin. *United States v. Aiello,* 864 F.2d 257, 264 (2d Cir.1988), *cert. denied,* 525 U.S. 932, 119 S.Ct. 342, 142 L.Ed.2d 282 (1998).

Petitioners were not charged by the Grand Jury as to the (b) portion of 21 U.S.C § 841, but were sentenced and convicted under the (b) portion of § 841. Petitioners were convicted under § 841(a), but they were sentenced under § 841(b) because it sets forth the penalties for being convicted of violating § 841(a).

■■■■ Count two of the indictment is duplicitous because it contains three counts, 21 U.S.C. § 841, § 846, § 841 and 18 U.S.C. § 2. An indictment is duplicitous

if it combines two or more crimes in a single count. *United States v. Murray,* 618 F.2d 892, 896 (2d Cir.1980). A conspiracy indictment presents "unique issues" in the duplicity analysis because "a single agreement may encompass multiple illegal objects." *Id.* In this Circuit "it is well established 'that the allegation in a single count of conspiracy to commit several crimes is not duplicitous for [t]he conspiracy is the crime and that is one, however divers its objects;'" *Id.* see also > *Braverman v. United States,* 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942)("Whether the object of a single agreement is to commit one or more crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one").

■■■■ The indictment does not include essential facts and proper notice. "It is well settled that in an indictment for conspiring to commit an offense–– in which conspiracy is the gist of the crime–– it is not necessary to allege with technical precision all the elements essential to the commission of the offense which was the object of the conspiracy." *Wong Tai v. United States,* 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545 (1927). " The rational is that the crime is complete whether or not the substantive offense which was its object was committed. The indictment need only put the defendants on notice that they are being charged with a conspiracy to commit the underlying offense or.... apprise the grand jury in essential terms of the object of the conspiracy." *United States v. Wydermyer,* 51 F.3d 319, 325 (2d Cir.1995).

■■ The court further finds that grounds 2, 4, 5, 6, 7 and 8 of the petition are procedurally defaulted because they

were not raised on direct appeal. On a motion to vacate, set aside or correct sentence, the court may raise the issue of procedural default *sua sponte. Rosario v. United States,* 164 F.3d 729, 732 (2d Cir. 1998), *cert. denied,* 527 U.S. 1012, 119 S.Ct. 2355, 144 L.Ed.2d 250 (1998).

▊ In the remaining ground 3, petitioner Walker contends that the Government's interference with petitioner Walker's attorney client relationship violated his Fifth and Sixth Amendment rights and left the court without jurisdiction. This ground has five separate allegations. Two of the allegations, the trial courts's removal of his trial attorney due to a potential conflict of interest, and the denial of Walker's severance motion, will not be reviewed because they were raised on direct appeal and rejected by the Second Circuit. "A § 2255 motion may not re-litigate issues that were raised and considered on direct appeal." *United States v. Perez,* 129 F.3d 255, 260 (2d Cir.1997), *cert.* denied, 525 U.S. 953, 119 S.Ct. 384, 142 L.Ed.2d 318 (1998).

In the first of the other three allegations, Walker maintains that he was denied effective assistance of counsel as a result of the court appointing an advisory counsel.

▊ A party claiming ineffective assistance of counsel must show that his or her attorney's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that counsel's ineffectiveness prejudiced the result of the proceeding.. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Proving prejudice requires an affirmative showing of "a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. There is a strong presumption that a counsel's conduct at trial was reasonable and that any challenged conduct might be considered sound trial strategy. *Id.* at 689, 104 S.Ct. 2052, *Maddox v. Lord,* 818 F.2d 1058, 1061 (2d Cir.1987).

▊ Because the right to counsel of one's choice is not absolute, a trial court may require a defendant to proceed to trial with counsel not of defendant's choosing; although it may not compel defendant to proceed with incompetent counsel. *United States v. Schmidt,* 105 F.3d 82, 88 (2d Cir.1997), *cert. denied,* 522 U.S. 846, 118 S.Ct. 130, 139 L.Ed.2d 80 (1997). In fact, the advisory attorney appointed by this court, Salvatore Piemonte, Esq., was a highly proficient, veteran criminal trial lawyer who had tried many federal and state criminal cases when representing defendants accused of drug crimes. He was appointed well before the trial's start and had sufficient time to review all the discovery and to meet with Walker to discuss strategy, tactics and various options. In this court's estimation, his work before, during and after the trial was very professional.

▊ In the second allegation, Walker states that while government witness, Tracy Blackwell, was being cross examined at trial, he provided the court with letters she had written to him while they were both incarcerated. The letters were offered to show Blackwell's state of mind. Walker claims that instead of doing that, the letters bolstered Blackwell's testimony against the defendants, and that his counsel was incompetent in advising him to put the letters in evidence. That in some respects defense counsel's strategy might have backfired, or that from hindsight one may think of a better way to have conducted the defense, is not a proper measure of the care and effort counsel expended on Walker's defense or the effectiveness of his assistance. *United States ex rel. Cris-*

*pin v. Mancusi,* 448 F.2d 233, 237, (2d Cir.1971), *cert. denied,* 404 U.S. 967, 92 S.Ct. 346, 30 L.Ed.2d 288 (1974). In view of the evidence produced by the Government, petitioners have not demonstrated that the result of the proceeding would have been different if the letters had not been introduced into evidence.

On direct appeal, petitioner Miller raised the matter of the letters being produced and used at the trial and the appellate court found that the use of the letters did not prejudice him.

In the third allegation, Walker declares that his right to represent himself on appeal was denied when court appointed advisory counsel was forced upon him during his direct appeal. Initially, Walker did represent himself at the trial. He made his own opening statement, and could have proceeded with the trial if he chose to do so. Instead, he apprised the court that he wanted his advisory counsel to conduct the trial. Advisory counsel was not forced upon him, and he could have again taken over the trial and/or appeal of his case if he had wished to.

Reviewing the alleged indictment defects for plain error, the court finds none. "The key question [as to whether an indictment is adequate] is whether an error or omission in an indictment worked to the prejudice of the accused .... Absent such prejudice, the conviction may not be reversed for any omission in the indictment". *James,* 980 F.2d 1314, 1317 (9th Cir.1992). Petitioners' trial attorneys were aware of the nature of the alleged offenses and knew what the Government had to prove to convict them.

Accordingly, petitioners' two motions to amend their § 2255 petition are **DENIED**; and petitioners motion under 28 U.S.C.

§ 2255, to vacate, set aside, or correct sentence, is **DENIED**.

**IT IS SO ORDERED**