Emanuele LOGIUDICE, Petitioner,

v.

**UNITED STATES of America,
Respondent.**

No. 01 CV 0088(SJ).

United States District Court,
E.D. New York.

Feb. 7, 2005.

Emanuele Logiudice, Fort Dix, NJ, Petitioner Pro Se.

David Breitbart, New York, NY, Trial Counsel for Petitioner.

United States Attorneys Office, Brooklyn, NY, By Cecil Scott, for Respondent.

## MEMORANDUM AND ORDER

JOHNSON, Senior District Judge.

Petitioner brings this motion for habeas relief pursuant to 28 U.S.C. § 2255, requesting that the Court vacate or set aside his sentence. Petitioner was convicted, after a jury trial, of conspiring to import heroin, importing heroin, possessing heroin with intent to distribute, and distributing and possessing with intent to distribute heroin, in violation of 21 U.S.C. §§ 841, 952, 960, and 963. *U.S. v. Loguidice*, 201 F.3d 433, 1999 WL 1295822 (2d Cir.1999).

Petitioner asserts a number of grounds for relief, namely: 1) that his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); 2) that the statute 21 U.S.C. § 841 is unconstitutional under *Apprendi*; 3) that the statute 21 U.S.C. § 841 is unconstitutionally void for vagueness if interpreted to permit aggregation of drug quantities from separate substantive offenses; 4) the indictment was constitutionally defective for failing to provide Petitioner with due notice of what he must defend himself against and failing to ensure proper deliberation by the grand jury; and 5) that trial counsel David Breitbart ("trial counsel") was ineffective in that counsel underestimated the sentence faced by Petitioner if he went to trial by eight years, informing him that he faced a maximum of twelve years when Petitioner was in fact sentenced to twenty years, and in that counsel led Petitioner to believe he would very likely be acquitted at trial when in fact there was overwhelming evidence of Petitioner's guilt that trial counsel did not attempt to overcome.

### Petitioner's *Apprendi* Claims

Petitioner asserts that his sentence was imposed in violation of the Supreme Court's decision in *Apprendi*, 530 U.S. 466, 120 S.Ct. 2348, in that he was sentenced to a twenty-year mandatory minimum sentence based on evidence—specifically, the quantity of narcotics—that increased the sentence beyond the statutory maximum that would otherwise be applicable but was not charged in the indictment and presented to a jury to be proven beyond a reasonable doubt. (Pet. at 32–42, 51–60.)

The Supreme Court decided *Apprendi* on June 26, 2000. The Second Circuit has held that *Apprendi* does not apply retroactively to initial or successive 28 U.S.C. § 2255 petitions for habeas relief. *Coleman v. United States*, 329 F.3d 77 (2d Cir.2003) (considering initial 28 U.S.C. § 2255 petition); *Maldonado v. U.S.*, 344 F.3d 244, 245 (2d Cir.2003) (considering successive 28 U.S.C. § 2255 petition). Petitioner is therefore only eligible for relief if his conviction became final after June 26, 2000.

For the purposes of 28 U.S.C. § 2255, a conviction becomes "final" when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires. *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). The rules for the United States Supreme Court state that a petition for a writ of certiorari to review a decision by a United States Court of Appeals must be filed within ninety days after entry of the judgment. *Id.* at 525, 123 S.Ct. 1072 (noting that time in which defendant could have petitioned for certiorari expired ninety days after the Court of Appeals affirmed the conviction); Sup.Ct. R. 13(1). In the present case, Petitioner's conviction became final on March 30, 2000, ninety days after the Second Circuit affirmed his conviction. This Court therefore cannot apply *Apprendi* retroactively to Petitioner's claim regarding his sentence.

### Petitioner's Void for Vagueness and Defective Indictment Claims

Petitioner argues that the statute 21 U.S.C. § 841 is unconstitutionally void for vagueness if interpreted to permit aggregation of drug quantities from separate substantive offenses (Pet. at 15–31) and that the indictment under which he was charged was constitutionally defective for failing to provide Petitioner with due notice of what he must defend himself against and failing to ensure proper deliberation by the grand jury (Pet. at 43–53.) Neither of these claims was raised on direct appeal. *United States v. Loguidice*, 201 F.3d 433, 1999 WL 1295822 (2d Cir. 1999).

As a general rule, § 2255 claims not raised on direct review are procedurally barred unless a petitioner shows that there was cause for failing to raise the claims and prejudice resulting therefrom, or that he is factually innocent of the charges. *Cole v. United States*, 2005 WL 217019, *3 (S.D.N.Y. Jan.27, 2005) (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Petitioner is not arguing that he is innocent of the charges, nor has he demonstrated cause and prejudice, and this Court does not find that there is a basis for finding that the claims can be considered because they are jurisdictional.[1] Therefore, regardless of how well-researched and argued Petitioner's claims

may be, this Court is barred from considering them in the context of a § 2255 collateral attack.

### Petitioner's Ineffective Assistance of Counsel Claims

Petitioner asserts that trial counsel encouraged him to go to trial rather than pleading guilty by informing him that, *inter alia:* the only evidence against Petitioner consisted of statements by cooperating witnesses, ignoring the existence of physical surveillance evidence, videotapes, and wiretaps; trial counsel would likely be able to have key evidence suppressed; and there was a strong likelihood of acquittal after trial. (Pet. at 3–4, 11.) Instead, however, the Government put on over twenty witnesses at trial, including five cooperating witnesses, who testified against Petitioner, and presented other strong evidence of Petitioner's guilt. (*Id.* at 4.) Petitioner states that the defense put on no case, attempting only to discredit Government witnesses and claim police vendetta. (*Id.* at 4, 12.) Petitioner states that trial counsel also failed to advise him of the "prejudicial effect of a prior conviction," meaning that because of Petitioner's prior conviction it was inadvisable for him to testify in his own defense. (*Id.* at 5.) Petitioner was convicted after a jury trial. (*Id.* at 5.)

Petitioner asserts that during the course of plea negotiations, the Government of-

---

**1.** As Petitioner points out, collateral attack may be possible despite a failure to demonstrate cause and prejudice where the asserted claim addresses a constitutional or jurisdictional defect in the trial. "Section 2255 claims not raised on direct review are procedurally barred unless they raise constitutional or jurisdictional claims[.]' " *Johnson v. United States*, 313 F.3d 815, 817 (2d Cir.2002). However, the Supreme Court has held that defects in an indictment are non-jurisdictional, and therefore claims such as the assertion that an indictment did not include all of the

elements of the crimes charged or failed to include essential facts and to give proper notice are procedurally barred if not raised on direct appeal. *Walker v. United States*, 306 F.Supp.2d 215, 223 (N.D.N.Y.2004) (citing *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). There is also no precedent to support the contention that the void for vagueness claim is jurisdictional, or to allow the Court to find for Petitioner on the merits of the void for vagueness claim.

fered first a sentence of eight years (96 months) and then a sentence of ten years (120 months), but that trial counsel assured him that the entire sentence he faced if convicted was a maximum of twelve years (144 months), and that following trial counsel's advice, Petitioner rejected both offers. (*Id.* at 3.) Upon conviction Petitioner was sentenced to twenty years (240 months). (*Id.* at 5.) Petitioner does not assert that trial counsel failed to inform him of the plea offers, but rather that the advice that he reject these offers was imprudent, both because of the improper estimate of the maximum sentence he faced if convicted at trial and because of the overwhelming likelihood that he would be convicted at trial. (*Id.*)

To establish an ineffective assistance of counsel claim based on a failure to accept a plea bargain that was purportedly based on counsel's incompetent advice, a petitioner must show first that counsel's advice fell below prevailing professional standards, and second, that there is a reasonable probability that, but for the alleged incompetence of his attorney, he would have accepted an early plea offer and received a lesser sentence. *See, e.g., U.S. v. Purdy*, 245 F.Supp.2d 411, 415 (D.Conn.1999). Additionally, the petitioner "cannot show merely that the errors created a possibility of prejudice; he must demonstrate that the errors 'worked to his actual and substantial disadvantage'" *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

■ A gross underestimation of the potential sentence that could be imposed following conviction at trial can constitute legal assistance falling below the prevailing professional norms, as required for a finding of ineffective assistance of counsel. *U.S. v. Gordon*, 156 F.3d 376, 380 (2d Cir.1998). Additionally, the "objective evidence" of a substantial gap between the actual maximum sentence that could be

imposed following trial and the sentence that trial counsel represented as the maximum potential sentence, in combination with a Petitioner's assertion that he would have accepted the plea if he had been properly informed, will support a finding that there is a reasonable probability that the outcome would have been different but for the erroneous estimation of the potential sentence. *Id.* at 380–81.

■ There remain, however, important issues of fact regarding trial counsel's advice to Petitioner, since it is not apparent from the record. The Second Circuit has stated that "a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." *Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir.1998).

Therefore, trial counsel shall be given the opportunity to respond to Petitioner's claims regarding his representation, particularly the questions of whether trial counsel represented that Petitioner would almost certainly be acquitted at trial and that Petitioner faced a maximum of 10 years if convicted after trial, and whether trial counsel advised Petitioner to reject the Government's plea proffers, as well as any other issue raised by Petitioner in his § 2255 Motion. Counsel shall have until thirty (30) days after receiving this Order to submit this information in the form of an affidavit or brief.

SO ORDERED.